UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Francis B.,[1] | File No. 26-CV-01132 (JMB/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| Crow Wing County Jail; and United States of America, | |
| Respondent. | |

---

David L. Wilson and Clara Ester Fleitas-Langford, Wilson Law Group, Minneapolis, MN, for Petitioner Francis B.

David W. Fuller and Trevor Brown, United States Attorneys' Office, Minneapolis, MN, for Respondent United States of America.

---

This matter is before the Court on Petitioner Francis B.'s Petition for a Writ of Habeas Corpus (Petition) pursuant to 28 U.S.C. § 2241. (Doc. Nos. 1.) Respondents Crow Wing County Jail and United States of America oppose. For the reasons set forth below, the Court grants the Petition.

### FINDINGS OF FACT

1.  Francis B. is a citizen of Liberia. (Doc. No. 7 ¶ 4.)

2.  On March 25, 2003, Francis B. entered the United States with a transit visa and was supposed to have left the next day, but did not. (*Id.*)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

3. In May 2003, Francis B. was served with a Notice to Appear for removal proceedings. (*Id.* ¶ 6.)

4. Immigration and Customs Enforcement (ICE) filed additional charges of inadmissibility and deportability following Francis B.'s August 2007 convictions for several crimes in Pennsylvania State Court. (*Id.* ¶¶ 5–7.)

5. In November 2007, an immigration judge ordered Francis B. Removed from the United States. (*Id.* ¶¶ 6–7.)

6. In March 2022, Francis B. sought review of his removal order from the Board of Immigration Appeals (BIA). (*Id.* ¶ 7.)

7. The BIA denied Francis B.'s appeal and later attempt to reopen the underlying removal action, and his appeal to the Third Circuit fared no better. (*Id.*)

8. Francis B.'s order for removal became administratively final on May 20, 2024. (*Id.*)

9. On December 8, 2025, ICE officers arrested Francis B. during ICE's so-called Operation Metro Surge, revoked the order of supervision under which he had previously been released, and detained him. (*Id.* ¶¶ 9, 10.)

10. On the day of arrest, Respondents gave Francis B. a "Notice of Revocation of Release," which stated that his release had been revoked because "removal from the U.S. significantly likely in the reasonably foreseeable future," and that "[b]ased on changed circumstances in your case you will brought back into ICE custody." (Doc. No. 7-2.)

2

11. On the day of his arrest, Respondents conducted an informal interview of Francis B. to permit him an opportunity to respond to ICE's reasons for revoking his release. (Doc. No. 7 ¶ 11.)

12. ICE decided to keep Francis B. in detention until he was removed to Liberia. (*Id.* ¶ 12.)

13. More than one month after his arrest, on January 27, 2026, ICE submitted a request for travel documentation for Francis B. (*Id.* ¶¶ 14, 16; Doc. No. 7-4.)

14. Francis B.'s file has been forwarded to ICE's travel unit and is awaiting scheduling on a commercial flight to Liberia. (Doc. No. 7 ¶ 17.)

15. Francis B. remains detained. (*Id.* ¶ 12.)

## DISCUSSION

Francis B. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petition requests that the Court declare that his current detention is unlawful and to order Respondents to release him from custody. For the reasons discussed below, the Court will grant the Petition.

### A. Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's

history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted).

The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703). In addition, the Court concludes that it has jurisdiction to hear this Petition. Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Because Francis B. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of Francis B.'s current re-detention.

**B.    Violations of Regulations Governing Revocation of Supervised Release**

Francis B. argues that his detention is unlawful and that he should immediately be released because Respondents, having previously released him on an Order of Supervision, violated applicable regulations by re-detaining him. As discussed below, the Court agrees.

4

Specific regulations control the federal government's ability to detain, release, and revoke the release of non-citizens subject to removal orders. The parties agree that 8 C.F.R. § 241.13, which applies when a non-citizen is released under an order of supervision after the expiration of a removal period, applies in Francis B.'s case. (*See, e.g.*, Doc. No. 6 at 6–7; Doc. 18.) That regulation applies when ICE previously determined that there is no significant likelihood that the non-citizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention. 8 C.F.R. § 241.13(g).

When an individual is released pursuant to section 241.13, that release can be revoked in two circumstances: (1) upon violation of supervised release; or (2) upon changed circumstances. *Id.* § 241.13(i). Under the latter, ICE "may revoke [a non-citizen's][2] release . . . and return the non-citizen to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [non-citizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the non-citizen "of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the non-citizen's return to custody to afford them an opportunity to respond to the reasons for revocation set forth in the notification. *Id.* § 241.13(i)(3). Section 241.13 also places the burden on ICE to establish that "changed circumstances" justify the revocation of release. *Roble v. Bondi*, No. 25-CV-3196

---

[2] The Court uses the term "non-citizen" instead of "alien."

5

(LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-0182 (MJT), 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470 (MJJ), 2025 WL 1725791, at *3 n.2 (D. Mass June 20, 2025).

Here, the Court concludes that Respondents have not met their burden under section 241.13. Respondents have provided no argument or documentation to identify any changed circumstances in Francis B.'s case except for their say-so. The Notice of Revocation that Respondents provided to Francis B. on the date of his arrest used generic, boilerplate language that was not individualized to Francis B. Further, Respondents provide no explanation to support their conclusion on or before December 8, 2025 (the date of arrest) that Francis B. was significantly likely to be removed in the foreseeable future. After all, Respondents did not even begin securing any travel documents for Francis B. until January 27—almost two months after taking him into custody. (Doc. No. 7 ¶ 14.) Further, Respondents do not claim that Francis B. has failed to comply with the conditions of his now-revoked release. (*See* Doc. No. 6.)

Further, Respondents do not establish that ICE made any reasoned determination that Francis B. is significantly likely to be removed in the reasonably foreseeable future. To revoke release under 8 C.F.R. § 241.13, ICE must "determine[]" that, "*on account of* changed circumstances," there "is a significant likelihood that the [non-citizen] will be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (emphasis added). As discussed *supra* Respondents did not identify any changed circumstances; therefore, they cannot have determined that Francis B. would have been removed in the reasonably foreseeable future *because of* changed circumstances.

6

Francis B. has shown that ICE's re-detention of him in December 2025 violated the law because ICE did not comply with its own regulations, specifically 8 C.F.R. § 241.13(i)(2).[3] Francis B. must be released immediately.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Francis B.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents are ORDERED to release Francis B. from custody <u>immediately</u>, in Minnesota, subject to the conditions of his prior Order of Supervision, and in any event no later than <u>4:00 p.m. CT on March 1, 2026</u>.

2. On or before <u>11:00 a.m. CT on March 2, 2026</u>, counsel for Respondents shall file a letter affirming that Francis B. was released from custody in Minnesota and subject to the conditions of his prior Order of Supervision in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on March 2, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge, that states when and where Francis B. was released, attaches any and all documentation concerning the Francis B.'s release, and affirms that all property of Francis B. was returned to Francis B. upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Francis B. with certified copies of any and all immigration-related documentation). If Francis B. was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or <u>before 11:00 a.m. CT on February 13, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Francis B.'s transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Francis B. was moved; and (e) what efforts Respondents took to return Francis B. to Minnesota as ordered by the Court. If Francis B. was not transferred out of Minnesota prior

---

[3] The Court is also concerned that Respondents may not have complied with their obligation to notify Francis B. "[*u*]*pon* revocation" of "the reasons for revocation." 8 C.F.R. § 241.13(i)(3) (emphasis added).

      to this Order, the declaration shall confirm that fact and attach documentation of that fact.

3.     Respondents are prohibited from arresting or re-detaining Francis B. in relation to any immigration proceedings without first complying with all regulations that, as set forth above, apply to a decision to revoke orders of supervision.

4.     To the extent Francis B. seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

5.     Francis B. may separately move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) within 30 days of entry of final judgment in this action.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 28, 2026                                /s/ *Jeffrey M. Bryan*
                                                                        Judge Jeffrey M. Bryan
                                                                        United States District Court